IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, and CENTER FOR BIOLOGICAL DIVERSITY, | No. 3:11-CV-53-HDM-VPC |
| Plaintiff, | Judge Howard D. McKibben |
| v. | ORDER |
| BUREAU OF LAND MANAGEMENT, | |
| Defendant, | |
| and | |
| SPRING VALLEY WIND LLC, | |
| Defendant-Intervenor. | |

The Court has before it the Parties' Joint Motion to Dismiss. Having reviewed and considered the motion, and for good cause shown, the Court concludes that it is appropriate under the facts presented. Accordingly, IT IS ORDERED

1. That the Parties' Joint Motion to Dismiss is GRANTED;

2. That the Settlement Agreement is hereby incorporated into this Order and is included as an attachment to this Order; and

3. That this Court shall have continuing, ancillary jurisdiction to enforce this Order and the terms of the incorporated Settlement Agreement, but that jurisdiction will end five years after the Spring Valley Wind Energy Facility begins operations; and

4. This action is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: This 29th day of March, 2012.

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE

# ATTACHMENT A

| | |
|---|---|
| Kristin F. Ruether, *pro hac vice*<br>Advocates for the West<br>P.O. Box 1612<br>Boise, ID 83701<br>Ph: (208) 342-7024 x. 208<br>kruether@advocateswest.org<br><br>*(Additional attorneys on next page)*<br><br>*Attorney for Plaintiffs Western Watersheds Project and Center for Biological Diversity*<br><br>Svend A. Brandt-Erichsen, *pro hac vice*<br>WA BarNo. 23923<br>svendbe@martenlaw.com<br>Marten Law PLLC<br>1191 Second Avenue, Suite 2200<br>Seattle, WA 98101<br>Telephone: (206) 292-2600<br>Facsimile: (206) 292-2601<br><br>*(Additional attorneys on next page)*<br><br>*Attorney for Defendant-Intervenor Spring Valley Wind LLC* | IGNACIA S. MORENO<br>Assistant Attorney General<br>DAVID NEGRI<br>JARED S. PETTINATO<br>Trial Attorneys<br>United States Department of Justice<br>Environment and Natural Resources Division<br>c/o U.S. Attorney's Office<br>800 Park Blvd., Suite 600<br>Boise, Idaho 83712 (Negri)<br>P.O. Box 663<br>Washington, D.C. 20044-0663 (Pettinato)<br>(208) 334-1936 (Negri)<br>(202) 305-0203 (Pettinato)<br>(202) 353-0274 (fax)<br>David.Negri@usdoj.gov<br>Jared.Pettinato@usdoj.gov<br><br>*(Additional attorneys on next page)*<br><br>*Attorneys for the Federal Defendant* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, and<br>CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUREAU OF LAND MANAGEMENT,<br><br>　　　　Defendant,<br><br>　　and<br><br>SPRING VALLEY WIND LLC,<br><br>　　　　Defendant-Intervenor. | No. 3:11-CV-53-HDM-VPC<br><br>Judge Howard D. McKibben<br><br>SETTLEMENT AGREEMENT |

David H. Becker, pro hac vice
Law Office of David H. Becker, LLC 917 SW Oak St, Suite 409 Portland, OR 97205
davebeckerlaw@gmail.com

Christopher W. Mixson, NV Bar No. 10685
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
3556 E. Russell Rd.
Las Vegas, NV 89120
cmixson@wrslawyers.com

*Additional attorneys for Plaintiffs Western Watersheds Project and Center for Biological Diversity*

Sylvia Harrison, NV Bar No. 4106
sharrison@mcdonaldcarano.com
Debbie Leonard, NV Bar. No. 8260
dleonard@mcdonaldcarano.com
McDonald Carano Wilson LLP
100 West Liberty Street, 10th Floor
PO Box 2670
Reno, NV 89505
Telephone: (775) 788-2000
Facsimile: (775) 788-2020

*Additional attorneys for Defendant-Intervnor Spring Valley Wind LLC*

STEVEN W. MYHRE
Attorney for the United States,
Acting Under Authority Conferred by 28 U.S.C. § 515
District of Nevada
HOLLY VANCE
Assistant United States Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501

*Additional attorneys for the Federal Defendant*

WHEREAS, on January 25, 2011, Western Watersheds Project and Center for Biological Diversity (Western Watersheds) filed this lawsuit against the Bureau of Land Management (BLM);

WHEREAS Plaintiffs sought declaratory and injunctive relief relating to the BLM's approval of the Spring Valley Wind Energy Facility (the Facility);

WHEREAS, on March 4, 2011, this Court granted Spring Valley Wind LLC's (Spring Valley Wind) motion to intervene as a defendant;

SETTLEMENT AGREEMENT
No. 3:11-CV-53-HDM-VPC                                                                                     -2-

1    WHEREAS this Court denied Western Watersheds's motion for a temporary restraining order/preliminary injunction on March 28, 2011, and the United States Court of Appeals for the Ninth Circuit upheld this Court on July 15, 2011; and

   WHEREAS the Parties have reached agreement on the terms of a settlement that they consider to be a just, fair, adequate, and equitable resolution of the issues in the case.

   NOW, THEREFORE, Western Watersheds, the BLM, and Spring Valley Wind hereby enter this Settlement Agreement (the Agreement) and agree as follows:

**A.  RELEASE**

   Western Watersheds hereby fully releases the United States and Spring Valley Wind from all claims regarding the Spring Valley Wind Energy Facility that were included or could have been included in the lawsuit entitled *Western Watersheds Project, Center for Biological Diversity, Confederated Tribes of the Goshute Reservation, Duckwater Shoshone Tribe, and Ely Shoshone Tribe v. Bureau of Land Management*, No. 3:11-cv-53 (D. Nev. Jan. 25, 2011), Compl. (Lawsuit), ECF No. 1, and from all claims regarding the Spring Valley Wind Energy Facility that are based on the Texas Gulf Wind studies referred to by Dr. Merlin D. Tuttle in Paragraph 12 of his first declaration, ECF No. 30.

**B.  FACILITY OPERATION AND RESEARCH PROVISIONS**

1.   After the initial three years of bird and bat mortality surveys provided for in § 4.1 of the Facility's Avian and Bat Protection Plan (ABPP), AR9220-9267, Spring Valley Wind will conduct a mortality survey for bats only during the fall season (August and September) of the fourth year following construction and a mortality survey for birds and bats in the fifth year following construction. The first follow-up mortality survey for birds and bats provided for by the ABPP will occur in the seventh year following construction. The next follow-up mortality survey for birds and bats will be accelerated and occur in the tenth year following construction. Thereafter, Spring Valley Wind will complete follow-up surveys every five years, as ABPP § 4.1 requires. The Technical Advisory Committee (TAC) may recommend reductions in survey parameters during these subsequent surveys based on the initial three years of survey data, so long as at least two quarters are monitored in each survey year.

2.   ABPP § 4.7 requires Spring Valley Wind to submit annual reports to the TAC Lead each year of Facility operation. Every year, when Spring Valley Wind sends the TAC Lead the annual reports, it will also send to the TAC Lead (1) a summary of bat arrival and departure data that it has collected with the infrared beam-break system at the entrance of the Rose Guano Cave, ABPP § 3.1, and (2) the radar data that it has collected pursuant to ABPP § 3.1.

3.   Spring Valley Wind will contribute up to $50,000 to the cost of a study of the use of the Rose Guano Cave by Brazilian (also called Mexican) free-tailed bats. Spring Valley Wind will request Dr. Richard Sherwin to complete one additional year of data for the population study of the Rose Guano cave he reported in "A Study on the use of Rose Guano Cave, Nevada by Mexican Free-Tailed Bats (Tadarida brasiliensis)." *See, e.g.*, ABPP §§ 3.2.8, 3.3.6, 8.0. If Dr. Sherwin is unavailable to complete that additional year of study, Spring Valley Wind will fund, up to $50,000, one year of a similar study through a researcher approved by the TAC.

4.   As the first bullet point in ABPP § 5.3.1 contemplates, Spring Valley Wind hereby provides its consent for the BLM Authorized Officer to implement under the ABPP mitigation protocols a third additional mitigation phase within a single year if the Facility again exceeds within such year the ABPP § 5.2-designated mortality thresholds after implementing the second additional mitigation phase during such year.

5.   The final mitigation phase implemented during any year under the ABPP and in effect at the end of that year will remain in effect for the subsequent year, unless or until the BLM Authorizing Officer decides, in her sole discretion and upon her consideration of any TAC recommendations, that a change in the mitigation phase is warranted.

6.   For the first three years of Facility operations, Spring Valley Wind will send the following information it is sending to the TAC Lead to jon@westernwatersheds.org and lbelenky@biologicaldiversity.org within twenty business days of transmitting such information to the TAC Lead:

   a.   The single curtailment study under ABPP § 3.3 that Spring Valley Wind will complete between August 1 through September 30 of the first year of operation;

   b.   Biweekly mortality survey data under ABPP § 4.1 or Section B.1 of this

        Agreement;

  c.    AnaBat Acoustic survey data under ABPP § 4.4;

  d.    Raptor Nest Surveys under ABPP § 4.5;

  e.    Avian point count surveys under ABPP § 4.6;

  f.    Annual reports under ABPP § 4.7, which will include the information described in Section B.2 of this Agreement;

7.    For the first two years of Facility operations, the BLM will send the following documents to jon@westernwatersheds.org and lbelenky@biologicaldiversity.org within twenty business days of receiving or generating those documents:

  a.    Any operations, monitoring, or research (not personnel or administrative) recommendations the TAC Lead sends to the BLM Authorized Officer pursuant to ABPP at §§ 2.0 or 5.0; and

  b.    Any operations, monitoring, or research (not personnel or administrative) "decision on what measure(s) to require for implementation," the BLM Authorized Officer makes under ABPP §§ 2.0 or 5.0.

The BLM will not send particular documents if the BLM preliminarily determines that the documents could be subject to an exemption under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. If it withholds any documents, it will continue reviewing those documents and, when it completes its review, it will send any documents not subject to a FOIA exemption. If, after that review, the BLM concludes that any document is subject to a FOIA exemption, it will send notice that it continues to withhold documents.

8.    For the third through fifth years of Facility operations, if (1) Western Watersheds (either Plaintiff group) sends a request only for documents (a) that the BLM has not already sent to Western Watersheds (both Plaintiff groups) and (b) from either category listed in Section B.7 of this Agreement; and (2) Western Watersheds (either Plaintiff group) sends that request to the BLM, Ely District, Schell Field Office Manager; then (3) the BLM will send, within twenty business days of receipt of that request, to jon@westernwatersheds.org and lbelenky@biologicaldiversity.org copies of the requested documents. The BLM will not send

1 particular documents if the BLM preliminarily determines that the documents could be subject to an exemption under FOIA. If it withholds any documents, it will continue reviewing those documents and, when it completes that review, it will send any withheld documents not subject to a FOIA exemption. If, after that review, the BLM concludes that any document is subject to a FOIA exemption, it will send notice that it continues to withhold documents.

9. All agreements identified in Agreement Section B are with respect to and limited to the Facility.

### C. COURT'S JURISDICTION

1. The Parties will submit to the Court (1) the signed Agreement, (2) the attached Joint Motion to Dismiss, and (3) the attached proposed order that would dismiss these cases with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and subject to the Court's ancillary jurisdiction as specified in Section C.3 of the Agreement for the first five years of Facility operations. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The Parties will file these documents within 15 days of the final signature executing this Agreement.

2. This Agreement and the obligations under it will become effective upon the Court's entry of the Proposed Order granting the Joint Motion to Dismiss. Paragraph B.3 will expire upon Spring Valley Wind completing its last payment toward the referenced study. Paragraphs B.6 and B.7 will expire after the third and second year of Facility operations, respectively. Paragraph B.8 will expire after the fifth year of Facility operations. The remaining provisions of this Agreement shall expire upon Facility decommissioning.

3. If Western Watersheds, the Bureau of Land Management, or Spring Valley Wind disagree on the interpretation, performance, or alleged nonperformance of any aspect of this Agreement, the dissatisfied Party shall provide the other Parties written notice of the dispute and a request for performance or negotiations. The Parties shall confer to resolve the dispute within twenty business days after receipt of the notice, or such time thereafter as is mutually agreed upon. If the Parties are unable to resolve the dispute within forty business days after receipt of the notice, or such time thereafter as is mutually agreed upon, any Party may petition the Court to resolve the dispute. The Court may consider such future requests as it deems appropriate, but

for any alleged violations of Sections B.6, B.7 and B.8, the Parties agree that the sole and exclusive remedy can lie in direction by the Court for the responsible Party to provide the information required by the applicable provision of this Agreement. Further, the Parties agree that contempt of court is not an available remedy for any violation of this Agreement, and the Parties knowingly waive any right that they might have to seek an order of contempt for any such violation.

**D.   LIMITATIONS**

1. This Agreement represents the entirety of the commitments of Western Watersheds, the BLM, and Spring Valley Wind, their agents, their successors and assigns, and anyone acting on their behalf in the Lawsuit with regard to settlement. Any other prior or contemporaneous representations or understandings not explicitly contained in this Agreement, whether written or oral, are of no further legal or equitable force or effect.

2. The Agreement is the result of compromise and settlement and does not represent an admission by any Party to any fact, claim, or defense in any issue in this lawsuit. In particular, Spring Valley Wind and the BLM have voluntarily adopted the operational and monitoring provisions in Sections B.1 to B.4 to provide an additional margin of safety for the Spring Valley Wind Energy Facility, and they deny that the ABPP was deficient in any manner and deny that any similar measures would be necessary for any future projects. Likewise, Western Watersheds (both Plaintiff groups) has voluntarily agreed to the terms of this settlement and denies that it provides any evidence that the ABPP or Facility's NEPA analysis was legally adequate or that similar measures would be adequate for any future projects. The Agreement has no precedential value and shall not be cited in any other litigation except as necessary to enforce the terms of the Agreement.

3. Each Party and its attorneys have carefully and fully reviewed this Agreement. Further, each Party and its attorneys have revised, or had an opportunity to revise, this Agreement. Accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party does not apply to interpretations of this Agreement.

4. Each Party to this Agreement shall be responsible for paying the attorney fees and costs

SETTLEMENT AGREEMENT                                                                -7-
No. 3:11-CV-53-HDM-VPC

that it has incurred in prosecuting or defending this action and the fees and costs to carry out the terms of this Agreement.

5. Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Federal Defendants obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341 or any other applicable law.

6. Nothing in the terms of this Agreement shall be construed to limit or deny the power of a federal official to promulgate or amend regulations.

7. A fully executed copy of this Agreement shall be deemed an original for all purposes, and this Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which shall constitute one instrument.

E. **MODIFICATIONS TO AGREEMENT**

This Agreement shall not be modified except by written approval of all the Parties and upon providing joint notice of any modifications to the Court.

F. **AUTHORIZATION**

The undersigned representatives of the Parties certify that they are fully authorized by the respective Parties whom they represent to agree to the terms and conditions of the Agreement and to legally bind such Parties to it.

Dated: March 23, 2012.

*/s/ Kristin F. Ruether*
Kristin F. Ruether, *pro hac vice*
Advocates for the West
P.O. Box 1612
Boise, ID 83701
Ph: (208) 342-7024 x. 208
kruether@advocateswest.org

David H. Becker, pro hac vice
Law Office of David H. Becker, LLC 917 SW Oak St,
Suite 409 Portland, OR 97205
davebeckerlaw@gmail.com

Christopher W. Mixson, NV Bar No. 10685
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP

SETTLEMENT AGREEMENT                    -8-
No. 3:11-CV-53-HDM-VPC

that it has incurred in prosecuting or defending this action and the fees and costs to carry out the terms of this Agreement.

5. Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Federal Defendants obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341 or any other applicable law.

6. Nothing in the terms of this Agreement shall be construed to limit or deny the power of a federal official to promulgate or amend regulations.

7. A fully executed copy of this Agreement shall be deemed an original for all purposes, and this Agreement may be executed in one or more counterparts, each of which shall be an original, but all of which shall constitute one instrument.

E. **MODIFICATIONS TO AGREEMENT**

This Agreement shall not be modified except by written approval of all the Parties and upon providing joint notice of any modifications to the Court.

F. **AUTHORIZATION**

The undersigned representatives of the Parties certify that they are fully authorized by the respective Parties whom they represent to agree to the terms and conditions of the Agreement and to legally bind such Parties to it.

Dated: March 23, 2012.

*/s/ Kristin F. Ruether*
Kristin F. Ruether, *pro hac vice*
Advocates for the West
P.O. Box 1612
Boise, ID 83701
Ph: (208) 342-7024 x. 208
kruether@advocateswest.org

David H. Becker, pro hac vice
Law Office of David H. Becker, LLC 917 SW Oak St,
Suite 409 Portland, OR 97205
davebeckerlaw@gmail.com

Christopher W. Mixson, NV Bar No. 10685
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP

3556 E. Russell Rd.
Las Vegas, NV 89120
cmixson@wrslawyers.com

*Attorneys for Plaintiffs Western Watersheds Project and Center for Biological Diversity*

_____
Svend A. Brandt-Erichsen, *pro hac vice*
WA BarNo. 23923
svendbe@martenlaw.com
Marten Law PLLC
1191 Second Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 292-2600
Facsimile: (206) 292-2601
Sylvia Harrison, NV Bar No. 4106
sharrison@mcdonaldcarano.com
Debbie Leonard, NV Bar. No. 8260
dleonard@mcdonaldcarano.com
McDonald Carano Wilson LLP
100 West Liberty Street, 10th Floor
PO Box 2670
Reno, NV 89505
Telephone: (775) 788-2000
Facsimile: (775) 788-2020

*Attorneys for Spring Valley Wind LLC*


STEVEN W. MYHRE
Attorney for the United States,
Acting Under Authority Conferred by 28 U.S.C. § 515
District of Nevada
HOLLY VANCE
Assistant United States Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501
IGNACIA S. MORENO
Assistant Attorney General
DAVID NEGRI
_____
JARED S. PETTINATO
Trial Attorneys
United States Department of Justice
Environment and Natural Resources Division

SETTLEMENT AGREEMENT
No. 3:11-CV-53-HDM-VPC

-9-

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
...
28
```

Natural Resources Section
c/o U.S. Attorney's Office
800 Park Blvd., Suite 600
Boise, Idaho 83712 (Negri)
P.O. Box 663
Washington, D.C. 20044-0663 (Pettinato)
(208) 334-1936 (Negri)
(202) 305-0203 (Pettinato)
(202) 353-0274 (fax)
David.Negri@usdoj.gov
Jared.Pettinato@usdoj.gov

*Attorneys for the Federal Defendants*

SETTLEMENT AGREEMENT
No. 3:11-CV-53-HDM-VPC

-10-